UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ANNMARIE MEDINA,

              Plaintiff,                    **COMPLAINT WITH JURY DEMAND**

  -against-

                                                       **23 Civ.**

ELMONT UNION FREE SCHOOL DISTRICT,

              Defendant.
---------------------------------------------------------------X

      The Plaintiff, ANNMARIE MEDINA by her attorneys, STEWART LEE KARLIN, LAW GROUP, PC complaining of Defendant ELMONT UNION FREE SCHOOL DISTRICT alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matter, as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil action based upon Defendant's violations the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 by discriminating and retaliating against Plaintiff due to her disability and perceived disability and for failing to accommodate Plaintiff.  This action is also based upon the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 291 et. seq.  Plaintiff is seeking damages for Defendants violating the ADA, and the NYSHRL.

**JURISDICTION AND VENUE**

2.    The Court has jurisdiction over Defendant Elmont Union Free School District pursuant to 42 U.S.C. § 12117.  Plaintiff duly filed charges with the EEOC and this action is commenced

1

within ninety days of receipt of the right to sue letter. (See the Notice of Right to Sue letter attached as Exhibit "A") Plaintiff has commenced this action pursuant to the NYSHRL pursuant to NYS Executive Law § 297 9.   Plaintiff duly filed a notice of claim prior to the commencement of this action and more than 30 days has elapsed since the filing of the notice of claim, Plaintiff participated in a statutory 50H hearing and the matter has not been adjusted. The Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

3.      This action properly lies in New York, pursuant to 28. U.S.C. 1391 (b), because defendant's principal place of business is in Nassau County.

## PARTIES

4.      Plaintiff Medina was an employee of Elmont Union Free School District as a food service worker and is an employee within the meaning of the ADA and NYSHRL. Ms. Medina has a disability as defined by the New York State Human Rights Law (New York State Executive Law § 296) and the Americans with Disabilities Act (42 U.S.C. §12101) in that she has been diagnosed with a posterior and exterior bladder condition that has required multiple (three) surgeries because it is a reoccurring problem. Due to this medical condition, she is restricted from lifting more than eight pounds and has incontinence and on occasion bladder leakage. Plaintiff had a physical impairment that substantially limits one or more major life activities, had a record of such an impairment and was regarded as having such an impairment.

5.      Upon information and belief, at all times mentioned hereinafter, Defendant Elmont Union Free School District is a political subdivision of the State of New York. Defendant is charged by law with responsibility for the operation, management and control of the Elmont public education and is within the jurisdiction of this Court. Defendant is an employer within the meaning of the

2

ADA and is a statutory defendant in that the Defendant employed Plaintiff and engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. Defendant Elmont Union Free School District employed Plaintiff Medina as a food service worker and is an employer within the meaning of the ADA and NYSHRL.

**FACTUAL STATEMENT**

6.  This claim is regarding a February 17, 2022 letter received on February 22, 2022, denying Ms. Medina's reasonable accommodation request. As set forth below, Ms. Medina was medically cleared to return to work with the appropriate reasonable accommodation.

7.  The reasonable accommodation request was denied thus leaving Plaintiff on an unpaid leave status or in the alternative she has been terminated.

8.  Ms. Medina was a full-time Food Service employee at Dutch Broadway Elementary School. She has been diagnosed with a posterior and exterior bladder condition that has required multiple surgeries. Due to this medical condition, she is restricted from lifting more than eight pounds.

9.  Pursuant to the Americans with Disabilities Act, New York State Human Rights Law and Nassau County Unlawful Discriminatory Practices Law, Ms. Medina requested a reasonable accommodation. She submitted the appropriate medical documentation. However, on February 17, 2022, the District (belatedly) denied her reasonable accommodation request. The February 17, 2022, denial letter states in relevant part:

> "The position you hold requires you to perform "various tasks involved in the preparation and serving of food ... " and "related duties as required." The food is prepared in bulk, thus, for example, when canned vegetables or canned sauce are part of the food to be

3

>served, the food comes in #10 cans with six cans per case. The weight of the case is approximately 30-40 pounds. If a Food Service Worker (FSW), your title, is unable to lift the cans, she is unable to perform the duties of the job. Lifting boxes of cans, trays of food, etc. is an integral part of the FSW's job responsibilities. Your inability to lift items that exceed eight pounds in weight renders you unable to perform a fundamental element of the FSW position."

10. At the outset, Ms. Medina has been employed for over ten years and had been an outstanding employee with no performance issues.

11. The job description is to prepare and serve lunch and cashier responsibilities. There is no weight lifting requirement in the job description because no such need exists.

12. In addition, many other FSW female employees (mostly older FSWs such as Elise, Grace, Lee, and Cindy-last names unknown) cannot lift thirty to forty-pound cases and take out the cans individually.

13. Thus, with some minor adjustments, it is clear all of these employees make adjustments so that there is no heavy lifting involved in their position.

14. Further, other positions do not involve any lifting, such as preparing lunch, putting meals in brown paper bags, serving breakfast, preparing the salad and fruit cups, cashiering, serving breakfast, preparing salads, and other jobs.

15. Ms. Medina's condition qualifies as a disability(s) under the ADA, New York State Human Rights law, and Nassau County Human Rights Law. ("Human Rights Laws")

16. Under these Human Rights laws, the District is required to make timely, reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability unless the accommodation would impose an undue hardship on the operation of the District.

4

17. As explained above, with minor adjustments that many other employees are already making, the tasks of an FSW can easily be performed. Further, Ms. Medina can be given specific job duties that avoid heavy lifting.

18. It also took more than ninety days from Ms. Medina's initial request to render a decision. This inordinate delay is a violation of the ADA and NYSHRL.

19. In addition, there is a statutory duty under the Human Rights laws to engage in an interactive process. There has been no engagement whatsoever which is also a clear violation. Mr. Medina has a disability as defined by the New York State Human Rights Law (New York State Executive Law § 296) and the Americans with Disabilities Act (42 U.S.C. §12101) and the Nassau County Unlawful Discriminatory Practices Law TITLE c-2 21-9.8.

20. By reason of the foregoing, Plaintiff has been damaged due to Elmont Union Free School District failure to reasonably accommodate her medical conditions and due to disability discrimination in violation of the New York State Human Rights Law (New York State Executive Law § 296) and the Americans with Disabilities Act (42 U.S.C. §12101).

21. The Defendant has failed to accommodate Plaintiff and failed to properly engage in the interactive process with her.

22. Plaintiff has suffered loss of pay and benefits, pain and suffering and damage to her reputation.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## ADA REASONABLE ACCOMMODATION

23. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Plaintiff is an employee within the meaning of the Americans with Disabilities Act 42

U.S.C. 12112.

25.	Plaintiff has a disability within the meaning of the ADA.

26.	Defendant DOE is an employer within the meaning of the ADA.

27.	Plaintiff is capable of performing the essential functions of her job with a reasonable accommodation.

28.	Plaintiff requested from Defendant a reasonable accommodation and Defendant failed to reasonably accommodate Plaintiff, even though Plaintiff provided proper medical documentation.

29.	Reasonably accommodating Plaintiff would not have been an undue hardship on Defendant.   Plaintiff would have been able to perform the essential functions of her position with the accommodation.

30.	As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon a failure to accommodate in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## ADA FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

31.	Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.	Defendant refused to enter into an interactive process of negotiation in violation of the ADA.  Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federally protected rights.

33.	As a result of the willful activities of defendant, plaintiff has been deprived of equal employment opportunities based upon her disability, in violation of the Americans with Disabilities Act 42 U.S.C. 12112.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### NYS EXECUTIVE LAW REASONABLE ACCOMMODATION

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. As a result of the foregoing, defendants violated Executive Law § 296 by failing to reasonably accommodate plaintiff. As a result of defendant violating the Executive Law plaintiff has been damaged.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
### NYS EXECUTIVE LAW-INTERACTIVE PROCESS

36. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. As a result of the foregoing, defendant violated Executive Law § 296 by failing to engage Plaintiff in an interactive process in an effort to accommodate plaintiff. As a result of defendant violating the Executive Law, plaintiff has been damaged.

### **DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury of all issues and claims in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   a. Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act, and the New York State Human Rights Law, in that Defendant discriminated against Plaintiff on the basis of her disability by not reasonably accommodating;

   b. Equitable relief including reinstatement retroactively with retroactive

  benefits;

c. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. Awarding Plaintiff compensatory damages for mental, emotional, distress, pain and suffering;

e. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

f. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
   February 14, 2023          Respectfully Submitted,

                    _____
                    STEWART LEE KARLIN, ESQ.
                    *Attorney for Plaintiff*
                    111 John Street, 22nd Floor
                    New York, NY 10038
                    (212) 792-9670